### COLER v. LAMB et al.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

PLEADING—AMENDMENT OF ANSWER.

Where, in an action on a promissory note, by an indorsee, facts set up in the answer by way of counterclaim might constitute a good defense, except for defendant's failure to allege that plaintiff took the note with knowledge of them, or after maturity, the court, in sustaining a demurrer to the counterclaim, should permit the service of an amended answer.

Appeal from special term.

Action by William N. Coler, Jr., against Hugh Lamb and others. From a judgment sustaining a demurrer to a counterclaim contained in an amended answer of the defendants, they appeal. Affirmed.

The action was upon a promissory note made by defendant Lamb to the order of defendant Brown, and indorsed by Brown and defendant Bryan. The complaint alleged delivery of the note, so made and indorsed, to the Sprague Electric Elevator. Company; that that company indorsed and delivered it to the Western National Bank, and the bank transferred it to plaintiff. The defendants

Lane, Brown, and Bryan denied that plaintiff was the owner of the note, and set up in their answer, on information and belief, "that the plaintiff herein is trustee for, or acting in behalf of, the Sprague Electric Elevator Company, in the prosecution of this action, and while, in form, the said plaintiff is the ostensible plaintiff in this action, he has brought and prosecutes the same in behalf and for the benefit of Sprague Electric Elevator Company, the party to whom said note was originally delivered, and that no right of action exists thereon." And they also set up that Lane, Brown, and Bryan were actually partners in erecting the Syndicate Building; that the Sprague Electric Elevator Company had a contract with Lamb to construct an elevator in the building, for a certain agreed price; that it neglected and refused to carry out that contract; that the note in question was given as part of the consideration of the contract price, in anticipation of the Sprague Electric Elevator Company's performance of their contract.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Albridge C. Smith, for appellants.
Frederick T. Hill, for respondent.

PER CURIAM. The views expressed by the learned judge at special term—that he was not prepared to say that the facts set up in the answer as a counterclaim, if true, might not be a good defense to the plaintiff's claim, if the plaintiff took the note sued on with knowledge of the facts, or after maturity—should, we think, have led him to extend to the defendants leave to answer over upon payment of costs. The interlocutory judgment should be affirmed, with this modification, viz. that the defendants should be permitted to serve an amended answer, upon payment of costs below, and without costs in this court.